NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| KEON GARNES, | : | |
| | : | Civil Action No. 10-551 (SRC) |
| Petitioner, | : | |
| | : | **OPINION** |
| v. | : | |
| | : | |
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Respondent. | : | |
| | : | |

**CHESLER**, District Judge

   *Pro se* Petitioner Keon Garnes (hereinafter "Garnes" or "Petitioner"), a prisoner currently confined at the Federal Correctional Institute in Minersville, Pennsylvania, has filed a motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 based on the alleged violation of his Sixth Amendment right to the effective assistance of counsel.  Specifically, Garnes maintains that the failure of his counsel, Richard Roberts, to seek a downward departure at sentencing based on Garnes's purported post-offense rehabilitation efforts gave rise to a Sixth Amendment violation.  The Respondent, the United States of America (hereinafter "the Government"), filed its Answer, as ordered by the Court.  The Government opposes the petition on grounds that Petitioner's ineffective assistance of counsel claim is not legally cognizable because he knowingly and voluntarily entered into a plea agreement that barred him from seeking the downward departure Garnes now faults his counsel for failing to do on his behalf.  It alternatively argues that even if a request for a downward departure based on exemplary post-

offense conduct had been available to Garnes, this petition lacks merit because Garnes has failed to present evidence that would have warranted granting such an adjustment at sentencing. The Court has considered the papers filed. For reasons discussed below, the denies Petitioner's section 2255 motion. Moreover, for the reasons expressed below, the Court rules that a certificate of appealability will not issue.

## I.   BACKGROUND

A federal grand jury returned an indictment charging Garnes with possession of a firearm following a felony conviction, in violation of 18 U.S.C. § 922(g)(1). On January 8, 2007, Garnes pled guilty to the charge. In the plea agreement, Garnes and the Government stipulated that a total offense level of 25 applied to Garnes and that a sentence within the corresponding range under the United States Sentencing Guidelines would be reasonable. They further agreed, in paragraph 7 of Schedule A of the plea agreement, not to seek any departures, adjustments or variances apart from those set forth in the plea agreement. Garnes also waived his right to file any appeal, collateral attack or any other motion challenging the sentence to be imposed by the Court if the sentence fell within or below the applicable guideline range. On October 1, 2007, the Court sentenced Garnes to 120 months' imprisonment, a term which fell within the sentencing range applicable to Garnes based his criminal history and an offense level of 25. The sentenced imposed also included a three-year term of supervised release to follow the term of imprisonment.

Relevant to the instant motion, the record demonstrates that Garnes violated the terms of his post-offense, pre-conviction release. Following his October 2006 arrest on the subject

charge, Garnes sought and obtained a order releasing him from prison on March 14, 2007. Among various other conditions of release, the Court required Garnes to remain in his residence except for scheduled court appearances and to wear an electronic monitoring device. In June 2007, Garnes removed the electronic monitoring device and absconded from his home incarceration. He remained a fugitive for several months, failed to contact his parole supervisor during that time and failed to appear for his scheduled sentencing hearing on September 10, 2007.

## II.   DISCUSSION

Garnes is a *pro se* petitioner. A *pro se* pleading is held to less stringent standards than more formal pleadings filed by lawyers. Haines v. Lerner, 404 U.S. 519, 520 (1972). Our jurisprudence directs that a *pro se* habeas petition, such as the one at bar, should be construed liberally and with a measure of tolerance. Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998). However, even applying this generous standard, the Court finds that Petitioner's § 2255 petition must be denied.

### A.   Ineffective Assistance of Counsel Claim

Title 28 U.S.C. § 2255 permits a prisoner in federal custody to attack the validity of his sentence as having been imposed in violation of the Constitution. United States v. Nino, 878 F.2d 101, 103 (3d Cir. 1989). In considering a motion brought pursuant to section 2255, the Court "must accept the truth of the movant's factual allegations unless they are clearly frivolous on the basis of the existing record." United States v. Garvin, 270 F. App'x 141, 143 (3d Cir. 2008) (citing United States v. Booth, 432 F.3d 542, 545-46 (3d Cir. 2005)). Moreover, the Court "must

3

order an evidentiary hearing to determine the facts unless the motion and files and records of the case show conclusively that the movant is not entitled to relief." Gov't of Virgin Islands v. Forte, 865 F.2d 59, 62 (3d Cir. 1989).  As the discussion below will illustrate, the facts concerning Petitioner's habeas corpus claim are clear, and the Court has determined that no hearing is necessary.

In this section 2255 motion, Petitioner collaterally attacks his sentence based on the claim that he was denied his Sixth Amendment right to effective assistance of counsel.  McMann v. Richardson, 397 U.S. 759, 771 n. 14 (1970) (holding that Sixth Amendment guarantee of assistance of counsel to accused in criminal prosecution includes right to effective assistance of counsel).  The Supreme Court decision in Strickland v. Washington, 466 U.S. 668 (1984) sets forth the standard for establishing a claim that a habeas petitioner's Sixth Amendment right of effective assistance of counsel has been violated.  The Strickland Court held:

> A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction or death sentence has two components. First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable.

Id. at 687.  The Third Circuit has stressed that relief under § 2255 based on a claim of ineffective assistance of counsel requires that the petitioner satisfy both prongs of the Strickland test: a

breach of duty and prejudice as a result of that breach.  Nino, 878 F.2d at 103-04.  The petitioner bears the burden of proof to demonstrate ineffective assistance of counsel. United States v. Baynes, 622 F.2d 66, 69 (3d Cir. 1980).

Petitioner has not met this burden.  Petitioner's argument that his attorney's failure to seek a downward departure on his behalf constituted deficient performance is wholly inconsistent with Petitioner's own agreement not to seek a downward departure from the stipulated sentencing level of 25.  Indeed, had the attorney done what Petitioner belatedly contends he should have done at sentencing, Petitioner would have breached the terms of the plea agreement.[1]

Apart from the express agreement by Garnes not to seek any downward sentencing departure that was not set forth in his plea agreement, Petitioner has not presented evidence demonstrating that his attorney's failure to seek a downward departure to account for what Petitioner characterizes as his post-offense rehabilitation efforts constitutes an error of constitutional magnitude.  The Third Circuit has held that post-offense rehabilitation efforts must be "exceptional or extraordinary" to warrant a downward sentencing departure.  United States v. Sally, 116 F.3d 76, 80-81 (3d Cir. 1997) (holding that "post-offense rehabilitation efforts,

---

[1] The Court additionally notes that the terms of the plea agreement entered into by Garnes included a waiver of his right to collaterally attack the sentence imposed by the Court, a waiver which would appear to apply here as his sentence fell within the Guidelines range resulting from the agreed-upon offense level of 25.  A district court may enforce such waivers if it determines, upon careful examination, that the waiver was both knowing and voluntary and that its enforcement will not result in a miscarriage of justice. United States v. Mabry, 536 F.3d 231, 237-38 (3d Cir. 2008). The Government's Answer raises the fact that Garnes agreed to a waiver of his right to collaterally attack the sentence. The Court is mindful that the "defendant bears the burden of presenting an argument that would render his waiver unknowing or involuntary," id. at 237, but has proceeded to consider the petition on the merits as the waiver of collateral attack point is not fully developed with citations to the sentencing colloquy or other evidence regarding its knowing and voluntary nature.  See id. at 237-38 (holding a district court has an affirmative duty to satisfy itself that the waiver is enforceable).

including those which occur post-conviction, may constitute a sufficient factor warranting a downward departure provided that the efforts are so exceptional as to remove the particular case from the heartland in which the acceptance of responsibility guideline was intended to apply."). While Garnes claims, without providing substantiating evidence, that he recommitted to family life and responsibilities, sought and obtained employment and "followed 99% of probation officer's instructions," he also admits that he violated the his bail conditions. The violations, which are documented by the probation office records Garnes himself submits with his section 2255 application, are hardly examples of model behavior, and they certainly belie Garnes's self-serving claims of extraordinary rehabilitation efforts. Garnes deliberately removed his electronic monitoring device, escaped his home incarceration and fled federal authorities. He remained a fugitive from the law for approximately three months. Far short of meeting the Strickland standard of deficient performance, Petitioner's evidence would indicate that it was not erroneous at all for his counsel to refrain from seeking a downward sentencing departure.

      Additionally, even were the Court to assume for the sake of argument that counsel's performance was deficient, the Court notes that Garnes has made no attempt in his section 2255 petition to demonstrate that his sentence would have in fact been lower had Mr. Roberts asked the Court to reduce the applicable Sentencing Guideline offense level to reflect his client's rehabilitation efforts. The Supreme Court has held that to meet the prejudice prong of ineffective assistance of counsel test, a petitioner must show that "there is a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." See Strickland, 466 U.S. at 694. On these facts, which reflect that Petitioner absconded and

demonstrated a flagrant disregard for the Court's authority, the Court would not have been likely to grant the departure.  Garnes, in short, fails to carry his burden of establishing both essential prongs of the Strickland test - deficiency and prejudice.  See Forte, 865 F.2d at 62 ("To establish that his representation was constitutionally inadequate a defendant must prove that his attorney's performance was unreasonable under prevailing professional standards and that this performance prejudiced the defense . . . .").

The Court rejects for lack of merit the claim that Garnes was denied the effective assistance of counsel and thus denies his petition to vacate, set aside or correct his sentence on that basis.

### B. Certificate of Appealability

This Court must determine whether a certificate of appealability should issue.  L.A.R. 22.2.  The Court should issue a certificate only if the petitioner "has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  To make this showing, the "petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  Slack v. McDaniel, 529 U.S. 473, 484 (2000).  As set forth above, this Court concluded that Garnes's Sixth Amendment ineffective assistance of counsel claim lacks merit.  It further concludes that Garnes has not demonstrated that jurists of reason would find this assessment debatable or wrong.  Therefore, this Court declines to issue a certificate of appealability pursuant to section 2253(c)(2).

### III. CONCLUSION

For the foregoing reasons, this Court denies Petitioner's motion for relief under 28 U.S.C. § 2255. A certificate of appealability will not issue. An appropriate form of order will be filed together with this Opinion.

                                                          s/ Stanley R. Chesler  
                                                          STANLEY R. CHESLER  
                                                          United States District Judge

DATED: August 20, 2010